# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DIANNE N., <br><br>  Plaintiff, <br><br>  v. <br><br>ANDREW M. SAUL, Commissioner of Social Security, <br><br>  Defendant. | No. CV 18-02200-DFM <br><br> MEMORANDUM OPINION AND ORDER |

  Dianne N. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB").[1] The Commissioner's decision is reversed and this case is remanded.

## I. BACKGROUND

  On May 6, 2014, Plaintiff applied for DIB, alleging disability beginning April 1, 2014. See Dkt. 14, Administrative Record ("AR") 180-81. After being denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). See AR 81-111. Plaintiff appeared and testified at a hearing held on January 17, 2017. See AR 34-66. On March 9,

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

2017, the ALJ issued a written decision finding Plaintiff ineligible for disability benefits. See AR 15-33.

The ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, affective disorder, degenerative joint disease of the bilateral hips and sacroiliac joints with labral tears, and obesity. See AR 20. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following restrictions: "claimant can only occasionally climb ramps, stairs, ladders, ropes, or scaffolds; she can only occasionally stoop, kneel, crouch, or crawl; she can frequently balance; and she can understand, remember, and carryout detailed but not complex instructions." AR 22. The ALJ determined that Plaintiff could perform her past relevant work as a cashier II, receptionist, and lodging attendant. See AR 27. Consequently, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. See AR 28.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II. DISCUSSION

Plaintiff argues that the ALJ improperly discounted her subjective symptom testimony. See Dkt. 20, Joint Stipulation ("JS") at 3-6.

The Court engages in a two-step analysis to review the ALJ's evaluation of a claimant's symptom testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (citation omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear

and convincing reasons for doing so." Id. at 1014-15 (citation omitted). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" Id. at 1015 (quoting Moore v. Comm'r of SSA, 278 F.3d 920, 924 (9th Cir. 2002)).

"[B]ecause the claimant's subjective statements may tell of greater limitations than can medical evidence alone," "the ALJ may not reject the claimant's statements regarding her limitations merely because they are not supported by objective evidence." Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); see also Robbins v. SSA, 466 F.3d 880, 883 (9th Cir. 2006) ("While an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence.").

In the instant case, Plaintiff alleged she could not work due to disc displacement of the lumbar spine, "bulging disc," depression, and fibromyalgia. AR 193-201. She alleged that she could not stand for longer than 20 minutes or sit for longer than 30 minutes at a time. See AR 222-29, 239-46. She alleged trouble with staying awake and concentrating because of her pain medication. See id. At the hearing, Plaintiff testified that she stopped working due to back pain. See AR 44, 50. She testified that she could sit for up to 15 minutes and that she takes OxyContin for pain. See AR 44-45, 51. She testified to problems walking, bending, and stooping, and stated she does very little work around the house. See AR 45-46, 49-50.

The ALJ found that Plaintiff's statements were "not entirely consistent with the medical evidence and other evidence in the record." AR 23. The ALJ wrote that Plaintiff's allegations "that she is unable to sustain the physical demands of competitive employment are not consistent with the objective medical evidence." AR 23-24. Specifically, the ALJ wrote that although Plaintiff reported a history of back pain and degenerative disc disease for ten

years, a November 2014 examination revealed she could ambulate without an assistive device, had a normal gait, and could tandem walk. See AR 24 (citing AR 408-14). The ALJ referenced a second November 2014 hospital visit where Plaintiff reported improvement after epidural steroid injections, and upon physical examination demonstrated tenderness at the sacroiliac joints but full muscle strength and improved gait. See AR 24 (citing AR 514-22). The ALJ also referenced a November 2016 MRI that showed a probable posterior labral tear, but otherwise good pelvic alignment and findings on the sacroiliac joints within normal limits. See AR 25 (citing AR 667). The ALJ then went through Plaintiff's mental health treatment records, finding Plaintiff's allegations that she could not sustain the mental demands of competitive employment to be "not consistent with the objective medical evidence." AR 25. Ultimately, the ALJ concluded that "the clinical findings simply fail to support the alleged severity of symptoms and degree of limitation." AR 25.

The Commissioner acknowledges that lack of objective medical evidence cannot form the sole basis for discounting pain testimony. See JS at 7-8 (citing Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005)). The Commissioner argues that the ALJ offered an additional reason for discrediting Plaintiff: her allegations were inconsistent with "other evidence" in the record. Id. at 8 (quoting 20 C.F.R. § 404.1529(c)(3)).[2] The Commissioner points to the ALJ's finding that Plaintiff's conditions responded well to treatment. See id. (citing AR 24-25 and Warre v. Comm'r of SSA, 439 F.3d 1001, 1006 (9th Cir. 2005) ("Impairments that can be controlled effectively with medication are not

---

[2] The Commissioner later posits that the ALJ "also pointed to a treatment note describing Plaintiff's statements as conflicting and contradictory." JS at 9 (citing AR 28). The Court was unable to find the referenced treatment note at the Commissioner's pincite or anywhere else in the ALJ's written decision.

4

disabling.")); see also Bettis v. Colvin, 649 F. App'x 390, 391 (9th Cir. 2016) (upholding ALJ's credibility finding where claimant's condition improved with treatment). Specifically, the Commissioner argues that contrary to Plaintiff's allegations, the record shows that injections and pain medication provided her with pain relief. See id.

Substantial evidence does not support a finding that Plaintiff's statements were inconsistent. Plaintiff's allegations that her pain treatment provided her with only partial and temporary relief is consistent with the medical evidence of record. For instance, in mid-2014 Plaintiff received lumbar epidural steroid injections, lumbar medial branch blocks, a radiofrequency ablation procedure from L4-S1, and a sacroiliac joint injection. See AR 355, 358-63, 366-67. In each case, Plaintiff reported that she experienced anywhere from a few hours to a week of relief before the pain returned. See AR 347 ("[Plaintiff] feels discouraged because she continues to experience 5/10 pain."), 353 ("Both times the relief only lasted a few hours and then her pain returned."), 355 ("The patient reports about a week of relief after the injection and now she complains of worsening lower back pain."). Throughout, Plaintiff took strong narcotics to help with the pain. See, e.g., AR 520 (referencing Hydrocodone and Lyrica).

Indeed, the ALJ noted that between 2015 and 2016, Plaintiff underwent "regular physical therapy, trigger point injections, radiofrequency ablation procedures, and took significant narcotic pain medications (Norco, Ultra, Lyrica), before settling on a pain medication regimen including OxyContin which appears to be improving her symptoms." AR 24. Later in 2016, Plaintiff sought out a consultation with neurosurgeon Dr. Abdallah Farrukh for "constant back pain" that was not responding well to treatment. AR 631. Plaintiff later reported that her treatment regime provided only "30% analgesic

benefit and functional improvement" AR 631, 673. Plaintiff continues to receive trigger point injections. See AR 675.

In sum, the fact that Plaintiff has obtained some pain relief is not inconsistent with her allegations of recurring pain. Consequently, the ALJ erred in discrediting Plaintiff solely because the objective medical evidence did not support the full extent of her symptoms. See Tonapetyan, 242 F.3d at 1147 (9th Cir. 2001).

## III. REMAND IS WARRANTED

A remand is appropriate where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003). Here, the Court finds that remand is the appropriate remedy to allow the ALJ to reconsider Plaintiff's subjective symptom testimony and to conduct such other proceedings as are warranted.

## IV. CONCLUSION

The decision of the Social Security Commissioner is reversed and this case is remanded.

Date: July 22, 2019

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge